IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DATA DISCOVERY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0949-M |
| | § | |
| HIENERGY TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendant HiEnergy Technologies, Inc. ("HiEnergy"), filed on May 16, 2005. For the reasons discussed below, this Motion is **GRANTED**.

### I. Background

Plaintiff Data Discovery, Inc. ("DDI") is a Texas corporation with its principal place of business in Dallas, Texas. DDI has partnered with DFW Homeland Security Alliance, Inc., which is apparently a non-profit Texas corporation. DDI and DFW Homeland Security Alliance have formed a partnership under the name "Alliance." Defendant HiEnergy is a Delaware corporation with its principal place of business in California. On December 19, 2003, DDI and HiEnergy purportedly entered into a contract to refer potential corporate partners to HiEnergy.

DDI contends that HiEnergy breached the contract and is liable to DDI for services it rendered pursuant to the contract. DDI claims it made a written demand for payment of

$107,300.00 on October 28, 2004, but HiEnergy refused to pay. DDI filed suit in state court for breach of contract, and on May 10, 2005, HiEnergy removed the case. HiEnergy then filed the instant (12)(b)(6) Motion to Dismiss, seeking to dismiss this suit for failure to state a claim upon which relief can be granted.

## II. Analysis

When deciding a motion to dismiss, "the district court must take the factual allegations of the Complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Jefferson v. Lead Indus. Ass'n.*, 106 F.3d 1245, 1250 (5th Cir. 1997) (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is appropriate only if there is no set of facts that could be proven consistent with the allegations in the Complaint that would entitle a plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 46 (1957); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The Court does not evaluate the Plaintiff's likelihood of success; instead, the Court only determines whether the Plaintiffs have stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). The Court is required to "accept as true all well pleaded facts in the Complaint, and the Complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "The court may consider documents attached to or incorporated in the Complaint and matters of which judicial notice may be taken" in deciding a motion to

dismiss. *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

HiEnergy argues that DDI does not have capacity to pursue this suit because it is suing in its own name, without its partner DFW Homeland Security Alliance. In Texas, a partnership is "an entity legally distinct from its partners for most purposes." *Haney v. Fenley, Bate, Deaton & Porter*, 618 S.W.2d 541, 542 (Tex. 1981). The general rule is that "a partnership cause of action belongs to and is the specific property of the partnership" and a partner may not "bring suit either on such a cause of action as a whole, whether in the name of the partnership or in [its] own name, or for the fractional share of such a cause of action corresponding to [its] fractional interest in the partnership." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1176 (5th Cir. 1985); *Coast v. Hunt Oil Co.*, 195 F.2d 870, 871 (5th Cir. 1952). Thus, all partners are required to join as plaintiffs with respect to actions based on contracts made on behalf of the partnership. *Chien v. Chen*, 759 S.W.2d 484, 490 (Tex. App.–Austin 1988, no pet.). It is uncontested that DDI has partnered with DFW Homeland Security Alliance to form Alliance. HiEnergy avers that the contract at issue is between itself and Alliance. Thus, HiEnergy argues that DDI, as a member of the Alliance partnership, does not have capacity to enforce rights under the contract.

The contract at issue was attached to Plaintiff's Original Petition. Thus, the Court may consider it in determining this Motion to Dismiss. See *Willard*, 336 F.3d at 379. The contract notes that "Alliance is two corporations providing services and support . . . ." and in paragraph 5 it states that "[t]he fees for services provided . . . shall be the sole, exclusive and final compensation due from HiEnergy to Alliance . . . ." The references to "Alliance" indicate that

the contracting parties were HiEnergy and Alliance, not HiEnergy and DDI. In addition, the contract was signed by the presidents of DDI and DFW Homeland Security Alliance, both of the members of the Alliance partnership. Thus, the Court finds that the contracting parties were Alliance and HiEnergy.

DDI cannot sue HiEnergy to enforce Alliance's contract unless there is present one of two exceptions to the rule prohibiting a partner from suing on behalf of the partnership. The first is where a partner is "dormant" or "silent;" there, an action may be brought by the ostensible or known partner alone if it is the entity "with whom the contract was expressly made." *Chien,* 759 S.W.2d at 490*; Speake v. Prewitt*, 6 Tex. 252, 257 (1851). A dormant partner is a partner whose name is concealed and thus it is not apparent. *Speake,* 6 Tex. at 258. The second exception is that "one partner may sue in [its] own name alone to enforce a contract or legal title held in [its] own name alone for the benefit of the partnership." *Chien,* 759 S.W.2d at 492.

In the present case, neither partner's full name is mentioned in the partnership name. The name "Alliance" conceals the identity of both partners, DDI and DFW Homeland Security Alliance. However, in the contract, both partners' names are stated in the opening line as comprising the partnership. Further, the presidents of DDI and DFW Homeland Security Alliance both signed the contract. DFW Homeland Security Alliance was fully disclosed as DDI's partner. Thus, the first exception cannot be met because neither is a silent or dormant partner to this agreement. Additionally, the agreement was made in the name of the partnership, Alliance, which refers to both companies. Thus, the second exception is not satisfied here, because the contract was not made in DDI's name.

To support the proposition that it can sue in its own name, DDI cites to language in paragraph 4 of the contract, which states that DDI is to receive the fees for services rendered pursuant to the contract.  The Court finds that this language did not assign to DDI Alliance's rights under the contract.  This language merely designates where payments are to be sent.  In contrast, an assignment must be "[a] manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or a third person." *Walters Vill. Mgmt. Co. v. Merchs. & Planters Nat'l Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1955).  In this case, nowhere in the contract is there an indication that Alliance intended to transfer its rights under the contract to DDI.  While it is true that paragraph 4 states that "fees for services shall be paid to DDI . . ." that language must be interpreted in light of paragraphs 2 and 5.  Paragraph 5 states that "the above shall be the sole, exclusive and final compensation due from HiEnergy to Alliance," and paragraph 2 states that "fees shall only be due to Alliance . . ."  Thus, the contract expressly states that such fees belong to Alliance as its "exclusive and final compensation," although fees are to be sent to DDI pursuant to paragraph 4.  Therefore, the Court finds that there is no manifestation of intent by Alliance to transfer its rights under the contract to DDI.

DDI also asserts that the invoices sent to HiEnergy are evidence that the contract was between DDI and HiEnergy.  It contends that because the invoices display DDI's logo and were generated by DDI, they prove that DDI was the contracting party.  However, these post-contract invoices do not indicate the names nor the intent of the contracting parties when the contract was signed, nor do they reflect an assignment of contract rights.  Instead, the invoices merely report

transactions that have occurred pursuant to the contract.

### III. Conclusion

HiEnergy has sufficiently alleged that the contract was between HiEnergy and Alliance and the Court thus concludes that DDI does not have the right to pursue this claim in its own name without its partner, DFW Homeland Security Alliance. For the reasons stated herein, DDI has twenty days to join DFW Homeland Security Alliance as a party to the instant suit, to sue in the name of the partnership, or to prove that DDI owns this contract claim in its entirety. Failing such actions, the Court shall dismiss the suit.

**SO ORDERED.**

July 1, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS